**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SS Body Armor I, Inc., et al., | ) | Bankr. Case No. 10-11255 (CSS) |
| Debtors. | ) | Jointly Administered |
| NECA-IBEW Pension Fund, et al., | ) | Civ. Action No. 11-00104 (GMS) |
| Appellants, | ) | |
| v. | ) | |
| SS Body Armor I, Inc., | ) | |
| Appellee. | ) | |
| Robbins Geller Rudman & Dowd LLP, et al., | ) | Civ. Action No. 11-00505 (GMS) |
| Appellants, | ) | Bankr. Adv. No. 10-55361 (CSS) |
| v. | ) | |
| SS Body Armor I, Inc., | ) | |
| Appellee. | ) | |

**JOINT STATUS REPORT**

The following parties respectfully submit this joint status report pursuant to the Court's September 19, 2017 order: (i) SS Body Armor I, Inc. (the "Debtor"), the post-confirmation debtor in the above-captioned chapter 11 case and the appellee in both of the above-captioned appeals; (ii) NECA-IBEW Pension Fund and George Baciu (the "Lead Plaintiffs"), the appellants in Civ. Action No. 11-00104 and the lead class plaintiffs in a pre-petition securities class action filed against the Debtor and its now-deceased former CEO (David Brooks) (the "Class Action"); and

(iii) Robbins Geller Rudman & Dowd LLP and each of the remaining appellants in Civ. Action No. 11-00505, who served as counsel to the Lead Plaintiffs or as counsel to the plaintiff in a related pre-petition derivative action (collectively, "Plaintiffs' Counsel").[1]

The Debtor, the Lead Plaintiffs and Plaintiffs' Counsel are parties to the post-petition settlement agreement (the "Settlement Agreement") that was approved by the Bankruptcy Court in July 2015 and by the United States District Court for the Eastern District of New York in August 2015. The Settlement Agreement provided for, among other things: (i) a $20 million loan to the Debtor, which was used to fund the chapter 11 plan ("Plan") co-sponsored by the Debtor and the Official Committee of Unsecured Creditors, (ii) the resolution of a variety of litigation matters pending between the victims of David Brooks' massive securities fraud – the Debtors and the Lead Plaintiffs – and the resolution of litigation matters pending between the Debtors and Plaintiffs' Counsel, and (iii) an allocation among the Debtors and the Lead Plaintiffs, on behalf of the certified class in the Class Action, of any recoveries obtained through (among other things) the U.S. Government's criminal action against Brooks, the U.S. Government's civil forfeiture proceeding against Brooks' assets, and the SEC's civil enforcement action against Brooks. The Bankruptcy Court confirmed the Plan on November 10, 2015, and there are no longer any appeals pending from the confirmation order.

The above-captioned appeals are among the matters resolved by the Settlement Agreement. Specifically, Civ. Action No. 11-00104 pertains to the Debtor's motion to reject a pre-petition settlement of the class and derivative actions, and Civ. Action No. 11-00505 pertains to a related

---

[1] Robino Stortini Holdings LLC is no longer a lead class plaintiff in the pre-petition class action, and therefore is no longer a party to Civ. Action No. 11-00104.

turnover adversary proceeding filed by the Debtor. The Settlement Agreement provides that, if the orders approving the Settlement Agreement become final and non-appealable, the Debtor will dismiss the turnover adversary proceeding, and the parties will stipulate to the dismissal of the appeals filed by the Lead Plaintiffs and Plaintiffs' Counsel.

All of the appeals filed from the Eastern District of New York's settlement approval orders have been resolved in favor of the Settlement Agreement, or have been dismissed. Two appeals, both filed by D. David Cohen, remaing pending in this Court in connection with the Settlement Agreement: Civ. Action No. 15-00633 is Mr. Cohen's appeal from the Bankruptcy Court's settlement approval order, and Civ. Action No. 15-01154 is Mr. Cohen's appeal from fee-related orders entered by the Bankruptcy Court in connection with the Debtor's motion to approve the Settlement Agreement. As set forth in the status reports recently filed by the Debtor and Mr. Cohen in Civ. Action No. 15-00633 and Civ. Action No. 15-01154, both the Debtor and Mr. Cohen have requested that the Court stay Mr. Cohen's appeals through April 20, 2018, pending the documentation of a global settlement reached among the U.S Government, the Debtor, the Lead Plaintiffs, the Brooks estate, various members of the Brooks family, and the SEC.

In light of the foregoing, the Debtors, the Lead Plaintiffs and Plaintiffs' Counsel respectfully request that the Court stay the above-captioned appeals pending the resolution of Mr. Cohen's appeal from the Bankruptcy Court's settlement approval order. As the above-captioned appeals will be dismissed upon the Bankruptcy Court's settlement approval order becoming final and non-appealable, a further stay will conserve both the Court's and the parties' resources.

Dated: January 19, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
James E. O'Neill (Bar No. 4042)
Elissa A. Wagner (CA Bar No. 213589)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
akornfeld@pszjlaw.com
joneill@pszjlaw.com
ewagner@pszjlaw.com

Counsel for Appellee

Dated: January 19, 2018

CROSS & SIMON LLC

*/s/ Kevin S. Mann*

Christopher P. Simon (Bar No. 3697)
Kevin S. Mann (Bar No. 4576)
P.O. Box 1380
913 North Market Street, 11th Floor
Wilmington, DE 19899-1380
(302) 777-4200 (Telephone)
(302) 777-4224 (Facsimile)

- and -

LOWENSTEIN SANDLER LLP
Michael S. Etkin (Bar No. 0570)
One Lowenstein Drive
Roseland, NJ 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

Counsel for Appellants